UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY KIRSCH, individually and as
Co-Trustee of the JERRY KIRSCH LIVING
TRUST, and KATHLEEN KIRSCH, as
Co-Trustee of the JERRY KIRSCH LIVING
TRUST,

        Plaintiff,

-vs-                                                   Case No. 00-72778
                                                      Honorable Denise Page Hood

XEROX CORPORATION,

        Defendant.

---

Joseph C. Basta (P24645)                     J. Michael Huget (P39150)
Robert L. Kelly (P34412)                      **BUTZEL LONG**
Thomas M. Schehr (P54391)              350 South Main Street, Suite 300
**DYKEMA GOSSETT PLLC**                 Ann Arbor, MI 48104
400 Renaissance Center                       (734) 213-3628
Detroit, Michigan 48243-1668
(313) 568-6592/568-6659                    Robert B. Breisblatt
                                             **WELSH & KATZ, LTD.**
*Attorneys for Plaintiffs*                        120 South Riverside Plaza, 22nd Floor
                                             Chicago, IL 60606
                                             (312) 655-1500

                                             *Attorneys for Defendant*

---

### FIRST AMENDED COMPLAINT
### FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiffs Jerry Kirsch, individually and as Co-Trustee of the Jerry Kirsch Living

Trust, and Kathleen Kirsch, as Co-Trustee of the Jerry Kirsch Living Trust, by their attorneys,

Dykema Gossett PLLC, for their First Amended Complaint For Patent Infringement, state as follows:

1. Plaintiff Jerry Kirsch is an individual residing in St. Clair, Michigan. Plaintiffs Jerry Kirsch and Kathleen Kirsch are Co-Trustees of the Jerry Kirsch Living Trust (the "Trust"). Kathleen Kirsch also resides in St. Clair, Michigan.

2. Defendant Xerox Corporation ("Xerox") is a New York corporation, having its principal place of business at 800 Long Ridge Road, Box 1600, Stamford, Connecticut 06904-1600.

3. Upon information and belief, Xerox has purchased certain assets of Omnifax, a Danka company.

4. This action arises under United States patent laws, 35 U. S. C. § 1 *et seq*. The Court has jurisdiction under 28 U. S. C. §§ 1331 and 1338.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

6. On March 28, 1989, U. S. Patent No. 4,816,911 (the "911 patent") was duly and legally issued to Kirsch Technologies, Inc. (A copy of the patent-in-suit is attached as Exhibit A.) Kirsch Technologies assigned the '911 patent to Jerry Kirsch. Jerry Kirsch and Kathleen Kirsch, as Co-Trustees of the Trust, are now the owners by assignment of the '911 patent. The patent remains valid and enforceable, all required maintenance fees having been paid thereon.

7. The '911 patent describes an information station that can convert paper documents into digital images, store those digital images, retrieve them on command, and print them. *See* Exhibit A.

8. The information station permits use of a computer and a machine for converting printed information into digital electronic signals, for converting digital electronic signals into printed information, and for sending and receiving digital information so that the latter can perform multiple functions. This allows users to scan data into the computer, print data from the computer, and send and receive faxes using either the machine or the computer. *See* Exhibit A.

9. Upon information and belief, Xerox manufactures, offers for sale and/or sells multi-function machines that infringe the '911 patent including, but not limited to, model numbers WorkCentre 385 and Omnifax L5450, that form a material component of the claimed invention of the '911 patent and are known by Xerox to be especially made or especially adapted for use in infringing the '911 patent. These machines are not staple articles or commodities of commerce suitable for substantial noninfringing use. Further, Xerox promotes these machines for use in practicing the claimed invention and otherwise actively induces infringement of the '911 patent.

10. Upon information and belief, Xerox has been, and still is, directly infringing the '911 patent, contributing to the infringement of the '911 patent and willfully inducing others to infringe the '911 patent. Jerry Kirsch has notified Defendant of the alleged infringement.

11. Plaintiffs have sustained money damages as a result of the conduct of Xerox.

12. Plaintiffs have been, and will continue to be, damaged and irreparably harmed by the conduct of Xerox unless it is enjoined by this Court.

Therefore, plaintiffs ask the Court to:

3

A. Enjoin Xerox from contributing to or otherwise inducing infringement of Plaintiffs' patent;

B. Award Plaintiffs damages adequate to compensate for the infringement but, in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the Court pursuant to 35 U. S. C. § 284;

C. Increase the damages three times for Defendant's willful infringement pursuant to 35 U. S. C. § 284;

D. Award Plaintiffs their reasonable attorney's fees in accordance with 35 U. S. C. § 285;

E. Award Plaintiffs all other relief to which they are entitled.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DYKEMA GOSSETT PLLC

By: *(signature)*
Joseph C. Basta (P24645)
Robert L. Kelly (P34412)
Thomas M. Schehr (P54391)
Attorneys for Plaintiff
400 Renaissance Center
Detroit, Michigan 48243-1668
(313) 568-6592

Dated: November 7, 2000
DET01\ 232557.2
ID\ TMS

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED